## GENERAL COURT, (E. S.) SEPT. TERM, 1797.

### BLAIR *vs.* VALLIANT.

This was an action of *Trespass q. c. f.* The general issue pleaded.

The plaintiff at the trial, to support the issue on his part, and to make title to the land on which the trespass was charged in the declaration to have been committed, offered to read in evidence a copy of a deed from *Robert Vass* to *William Murray*, dated the 28th of November, 1760, for the lower moiety of a tract of land lying in Dorchester county, called *Retaliation*, and which said deed was acknowledged in the following words: "Ma-"ryland, sc. Be it remembered, that upon the 28th of "November, 1760, personally appeared before us, the "subscribers, two of his Lordship's justices of the peace "for Dorchester county, the within mentioned and sub-"scribing *Robert Vass*, and *Nancy* his wife, and did ac-"knowledge this deed *of bargain and sale to be the right of* "*William Murray. his heirs and assigns, for ever, ac-* "*cording to the intent and meaning thereof*; and the said "*Nancy*," &c. relinquishing her dower, &c. Signed by the justices.

The defendant, by his counsel, objected to the same being read in evidence to the jury; because the said deed was not *acknowledged* by the said *Robert Vass*.

*Hammond*, for the plaintiff.

*Wright*, for the defendant.

The case of *Hoddy's Lessee vs. Harryman*, decided at May term, 1797, (a) was relied upon by the defendant's counsel.

GOLDSBOROUGH, Ch. J. (b) The court are of opinion, that the acknowledgment of the deed from *Robert Vass* to *William Murray* is sufficient; and that the copy of the said deed may be read in evidence to the jury for the purpose stated.

The defendant excepted.    Verdict and judgment for the plaintiff.    The defendant afterwards brought a writ of error; and the judgment of the general court was *affirmed* in the court of appeals, at June term, 1800.

*Key*, for the plaintiff in error.

*Martin*, (attorney general,) for the defendant in error.